SHARON C. COLLIER (State Bar No. 203450)
Sharon.Collier@fmglaw.com
FREEMAN MATHIS & GARY, LLP
1255 Treat Blvd., Suite 300
Walnut Creek, CA 94597
P: (925) 644-0918
F: (833) 335-7962

Attorneys for Defendant COSTCO WHOLESALE
CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGH PATTERSON, an individual, | Case No. |
| Plaintiff, | [Humboldt County Superior Court Case No. CV2200529] |
| v. | |
| COSTCO WHOLESALE CORPORATION, a Corporation, CHERYL "DOE", and individual, and DOES 1 through 25, inclusive, | **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]** |
| Defendants. | Complaint Filed: April 19, 2022 |

**TO THE HONORABLE JUDGES AND CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendant COSTCO WHOLESALE CORPORATION

("Costco") hereby removes to this Court the state court action described below:

## I.   STATUS OF PLEADINGS AND DISCOVERY

On or about April 19, 2022, Plaintiff LEIGH PATTERSON ("Plaintiff") filed a Complaint

against Costco, CHERYL "DOE", and Does 1 to 25 in Humboldt County Superior Court, entitled

LEIGH PATTERSON, an individual, v. COSTCO WHOLESALE CORPORATION, a

Corporation, LYNNETTE "DOE", an individual, and DOES 1-25, inclusive, Case No.

22CV008571 (the "Complaint"). (Request for Judicial Notice in Support of Costco's Notice of

1    Removal ("RJN"), Ex. A; Declaration of Sharon C. Collier ("Collier Decl.") at ¶ 3.) The Complaint

2    alleges causes of action for negligence and premises liability. (RJN, Ex. A.)  Costco was served

3    with the Summons and a copy of the Complaint on or about May 19, 2022.  (RJN, Ex. A; Collier

4    Decl. at ¶ 3.) In conjunction with receiving the Complaint, Costco also received a statement of

5    damages claiming damages totaling $2 million, far exceeding the $75,000 jurisdictional threshold.

6    (Collier Decl. at ¶ 4.)

7          The Complaint alleges that on or about April 30, 2020, Plaintiff fell at a Costco warehouse

8    in Humboldt, California, and sustained injuries.  (RJN, Ex. A.) Plaintiff seeks damages for pain and

9    suffering, medical and incidental expenses, lost wages, and lost earning capacity. (RJN, Ex. A.)

10          Costco filed an Answer to Plaintiff's Complaint in Case No. 22CV008571 of the Humboldt

11    County Superior Court contemporaneously with this Notice of Removal and supporting documents.

12    (RJN, Ex. C; Collier Decl. at ¶ 5.)  In the Answer, Costco asserted a general denial, as well as

13    various affirmative defenses. (RJN, Ex. B.)

14          Costco is not aware of Plaintiff effectuating service on any of the "Doe" defendants.

15    (Collier Decl. at ¶ 6.) Since no other defendant has been properly named and served, no consent is

16    required for removal. (28 U.S.C. § 1446(b); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir.

17    2011).)

18          As this action was commenced in the Humboldt County Superior Court, removal to the

19    Northern District of California is appropriate.

20    **II.      STATEMENT OF JURISDICTION**

21          This civil action involves parties who are citizens of different states and the amount in

22    controversy exceeds $75,000.  Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332, and

23    has the power to remove this matter to this Court pursuant to 28 U.S.C. section 1441(b).

24          **A.      Complete Diversity of Citizenship**

25          In order to invoke federal diversity jurisdiction pursuant to 28 U.S.C. section 1332,

26    complete diversity of citizenship must exist between the parties.  (*Matao Yokeno v. Sawako*

27    *Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014).) Here, Plaintiff and Costco are citizens of different

28

1   states and the citizenship of the "Doe" defendants must be disregarded. Thus, diversity of

2   citizenship exists between the parties.

3          For purposes of removal, "the citizenship of defendants sued under fictitious names shall be

4   disregarded." (28 U.S.C. § 1441(b).) Where a plaintiff's allegations do not provide definite clues

5   sufficient for the moving defendant to identify the fictitiously named defendant, the citizenship of

6   the fictitiously named defendant shall be disregarded. (See e.g., *Guytan v. Swift Transportation Co.*

7   *of Arizona, LLC*, No. CV1700626VAPDTBX, 2017 WL 2380159, at *2 (C.D. Cal. June 1, 2017)

8   (holding that identifying a fictitiously named defendant as "a terminal manager" of the moving

9   defendant in the complaint was insufficient to determine the identity of the fictitiously named

10  defendant and therefore, the fictitiously named defendant's citizenship must be disregarded.) While

11  Plaintiff sued a Lynnette "DOE" and Does 1-50, she has not named them specifically, Costco is

12  unaware of Plaintiff effectuating service on them. Thus, the citizenship of the "Doe" defendants

13  must be disregarded.

14         For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.

15  (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A person's domicile is

16  the place he or she resides with the intention to remain or to which he or she intends to return.

17  (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)  Here, Plaintiff alleges in her

18  Complaint that she is a resident of Humboldt County, California. (RJN Ex. A; Collier Decl. at ¶

19  10.)  Accordingly, Plaintiff is and was a citizen of the State of California.

20         In order to ascertain the citizenship of a corporation, courts look to the state of

21  incorporation, and the state where the corporation has its principal place of business.  (28 U.S.C.

22  § 1332(c)(1).)  Here, Costco is a corporation formed and incorporated under the laws of the State of

23  Washington.  (RJN, Ex. D; Collier Decl. at ¶ 8.)  Moreover, Costco is headquartered and maintains

24  its principal place of business at 999 Lake Drive, Issaquah, Washington 98207. (RJN, Ex. E;

25  Collier Decl. at ¶ 9.) Accordingly, Costco was and is a citizen of the State of Washington.  As such,

26  diversity-of-citizenship exists between the parties.

27

28

1

**B.     No Resident Defendants**

2       Pursuant to 28 U.S.C. § 1441(b)(2), when removing a case to federal court on the basis of

3   diversity jurisdiction, none of the defendants may be "citizens of the State in which such action is

4   brought."  In this case, Plaintiff resides in California. (RJN, Ex. A; Collier Decl. at ¶ 10.)   The only

5   named and served defendant, Costco, is a citizen of the State of Washington.  (RJN, Ex. C, D;

6   Collier Decl. at ¶ 8.) As the domicile of the "Doe" defendants must be disregarded, complete

7   diversity exists because no defendant resides in the State of California.

8

**C.     Amount in Controversy**

9        Pursuant to 28 U.S.C. § 1332(a), in order to invoke diversity jurisdiction, the amount in

10   controversy must exceed $75,000, exclusive of interests and costs. (28 U.S.C. § 1332(a).) When a

11   plaintiff fails to "specify a particular amount of damages" in the complaint, the removing party is

12   required to establish that it is "more likely than not" that the amount in controversy exceeds the

13   statutory amount.  (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *McPhail v. Derre & Co*,

14   (10th Cir. 2008) 529 F.3d 947, 954 (removing defendant must prove by a preponderance of the

15   evidence that the amount in controversy is satisfied).)  In making that determination, courts

16   consider compensatory costs, including general and special damages, as well as attorney fees.

17   (*Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005).)  Courts also consider

18   "other papers" not filed with the court.  (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d

19   1136, 1140 (9th Cir. 2013).) Settlement demand correspondence constitutes an "other paper"

20   sufficient to provide notice of removal. (*Bloomer v. Serco Mgmt. Servs.*, No. EDCV 16-2651 JGB

21   (RAOx), 2017 U.S. Dist. LEXIS 25606, at *8 (C.D. Cal. Feb. 23, 2017) (citing *Babasa v.

22   Lenscrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2002)); *see also Ackerberg v. Citicorp USA, Inc.*,

23   887 F. Supp. 2d 934, 938-39 (N.D. Cal. 2012).) The amount in controversy is merely an estimate of

24   the total amount in dispute; it is not a prospective assessment of the defendant's liability. (*Lewis v.

25   Verizon Communications, Inc.,* 627 F.3d. 395, 400 (9th Cir. 2010).)

26       A plaintiff's concession that the amount in controversy exceeds $75,000 is sufficient to

27   establish diversity jurisdiction upon this Court.  (See *Singer v. State Farm Mut. Auto Ins. Co.*, 116

28

Freeman Mathis
& Gary, LLP
Attorneys at Law

-4-

NOTICE OF REMOVAL TO FEDERAL COURT

0.0  8392-00010

1  F.3d 373, 376 ("…where state law prohibited plaintiff from stating the amount in controversy in

2  the complaint, the district judge has discretion to accept the admission as establishing it.

3  Otherwise, we would be adopting the illogical position that a plaintiff can establish the amount in

4  controversy by an ad damnum, but not by a formal admission against the plaintiff's interest in

5  choice of forum.").  Such a concession is tantamount to a plaintiff expressly alleging damages in

6  excess of the jurisdictional amount, which we accept as the amount in controversy if done in good

7  faith. (*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).)

8  Moreover, the courts looks to "facts presented in the removal petition as well as any summary

9  judgment type evidence relevant to the amount in controversy at the time of removal." (*Matheson

10  v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Johnson v. Am. Online,

11  Inc.*, 208 F.Supp.2d 1018 (N.D. Cal. 2003) (A defendant may rely on discovery responses for

12  determining the amount in controversy).)

13       In the present case, Costco received in conjunction with the Complaint a statement of

14  damages alleging that Plaintiff's damages total more than $2 million. (RJN, Exhibit B; Collier

15  Decl. at ¶ 4.) Thus, Plaintiff's claimed damages far exceed $75,000. (RJN, Exhibit B; Collier Decl.

16  at ¶¶ 4, 12.) The statement of damages clearly constitutes an "other paper" which may be

17  considered for purposes of determining the amount in controversy here.  (*Ackerberg v. Citicorp

18  USA, Inc*., 887 F. Supp. 2d 934, 938-39 (N.D. Cal. 2012).)  In light of these representations and the

19  scope of injuries and types of damages alleged in the Complaint, it is clear that the claims at issue

20  will exceed the jurisdictional minimum of this Court.

21  **III.    <u>TIMELINESS OF REMOVAL</u>**

22       Pursuant to 28 U.S.C. section 1446(b), "[t]he notice of removal shall be filed within 30 days

23  after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

24  forth the claim for relief upon which such action or proceeding is based…" (28 U.S.C. § 1446(b).)

25  The 30-day time limit within which a defendant can remove an action to federal court does not

26  begin until the defendant(s) have received notice of the facts supporting removal.  (*Mattel, Inc. v.

27  Bryant*, 441 F. Supp. 2d 1081, 1089-1090 (C.D. Cal. 2005), *aff'd*, 446 F.3d 1011 (9th Cir. 2006).)

28

NOTICE OF REMOVAL TO FEDERAL COURT

**Freeman Mathis
& Gary, LLP**
Attorneys at Law

0.0  8392-00010

1   As set forth more fully above, Costco was served with the Complaint and Statement of

2   Damages on or about April 5, 2022. (RJN, Ex. A; Collier Decl. at ¶¶ 3-4.) The Complaint indicates

3   Plaintiff is domiciled in California and the settlement demand alleges the amount in controversy

4   exceeds the jurisdictional minimum. (RJN, Ex. A, B; Collier Decl. at ¶¶ 4, 10, 12.) Accordingly,

5   Costco has timely and promptly filed this petition for removal.  (28 U.S.C § 1446.)

6   **IV.   JOINDER OF ALL DEFENDANTS**

7   In order to effectuate removal, all defendants properly joined and served with the complaint

8   must join in the notice of removal.  (28 U.S.C. § 1446(b); *Emrich v. Touche Ross & Co.*, 846 F.2d

9   1190, 1193 (9th Cir. 1988).)  In this case, Costco is not aware of Plaintiff effectuating service on

10  the "Doe" defendants.  (Collier Decl. at ¶ 6.) Accordingly, this Notice of Removal is proper.

11  **V.   VENUE**

12  Venue of this removed action is proper pursuant to 28 U.S.C. section 1441(a) because this

13  Court is the United States District Court for the district corresponding to the place where the state

14  court action was commenced.

15  **VI.   NOTICE TO PLAINTIFF**

16  Costco's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed

17  in Case 22CV008571 of the Humboldt County Superior Court. (Collier Decl. at ¶ 13.)

18  WHEREFORE, Costco prays that the above-entitled action, currently pending in the

19  Humboldt County Superior Court of California, be removed to the United States District Court for

20  the Northern District of California, and that this action proceed in this Court as an action properly

21  removed there.

22  Dated:  June 21, 2022                          FREEMAN MATHIS & GARY, LLP

23

24

25                                          By:  _____

26                                          Sharon C. Collier
                                            Attorneys for Defendant COSTCO
                                            WHOLESALE CORPORATION

27

28

-6-
NOTICE OF REMOVAL TO FEDERAL COURT

Freeman Mathis
& Gary, LLP
Attorneys at Law

0.0  8392-00010

1

## **PROOF OF SERVICE**

2

3          I am employed in the County of Contra Costa, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1255 Treat Blvd, Suite 300, Walnut Creek, California 94597. My electronic service email address is javi.brantley@fmglaw.com

4

5          On June 21, 2022, I served electronic copies of the within document(s) described as:

6    **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]**

7

8          on the interested parties in this action as stated below:

9          **John N Metri, Esq.**                    *Attorney for Plaintiff Leigh Patterson*
           **Downtown L.A. Law Group**
10         **601 N. Vermont Ave**
           **Los Angeles, CA 90004**
11         **T) 213.389.3765**
           **F) 877.389.2775**
12         **Email: John.Metri@downtownlalaw,com**

13

14

15    ☒    (BY E-MAIL) Pursuant to CCP 1010.6, subdivision (e) by transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above per electronic service agreement.

16

17          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19          Executed on June 21, 2022, at Martinez, California.

20    _____          _____
                 Javi Brantley
21            (Type or print name)                              (Signature)

22

23

24

25

26

27

28

_____
                                        CAPTION